NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-7202

ROBERT H. MESSIER,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Heather R. Cessna, ABS Legal Services, LLC, of Lawrence, Kansas, argued for claimant-appellant. On the brief was Virginia A. Girard-Brady.

Ronald G. Morgan, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Steven J. Gillingham, Assistant Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Michael T. Osborne, Attorney, United States Department of Veterans Affairs, of Washington, DC. Of counsel were Ethan G. Kalett and Y. Ken Lee, Attorneys.

Appealed from: United States Court of Appeals for Veterans Claims

Judge William A. Moorman

# United States Court of Appeals for the Federal Circuit

2006-7202


ROBERT H. MESSIER,

Claimant-Appellant,


v.


R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  January 25, 2007

_____


Before LINN, PROST, and JORDAN, Circuit Judges.[*]

PROST, Circuit Judge.

Robert H. Messier ("Messier") appeals the judgment of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the Board of Veterans' Appeals' denial of his claim for service connection for a skin disorder.  Messier v. Nicholson, No. 04-0580 (Vet. App. Feb. 22, 2006).  We dismiss the appeal for lack of jurisdiction.

Under 38 U.S.C. § 7292(a), this court may review "the validity of a decision of the [Veterans Court] on a rule of law or of any statute or regulation . . . or any interpretation

---

[*]        Honorable Kent A. Jordan, Circuit Judge, United States Court of Appeals for Third Circuit, sitting by designation.

thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." This court may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

On appeal, Messier argues that the Veterans Court misinterpreted 38 U.S.C. § 5103A(a)(1) and § 5107(b). Section 5103A(a)(1) directs the Secretary of Veterans Affairs to "make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claimant's claim for a benefit under a law administered by the Secretary." Section 5107(b) states that "[w]hen there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant." Messier argues that the combined effect of these two provisions is such that a veteran's claim may not be denied for lack of evidence. Instead, Messier contends, under § 5103A(a)(1) and § 5107(b) a veteran's claim may only be denied when the record contains actual evidence tending to disprove one or more elements of the claim.

Messier's appeal is necessarily premised on an assertion that there was no such actual evidence in the record before the Veterans Court. This assertion, however, appears to be incorrect. Indeed, after reviewing the parties' submissions, we conclude that Messier's appeal is, in reality, a challenge to the application of law to the facts of his case. This court is without jurisdiction to entertain such a challenge.

Accordingly, we dismiss Messier's appeal for lack of jurisdiction.

No costs.